J-S36020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER HANSON, | |
| Appellant | No. 2919 EDA 2016 |

Appeal from the PCRA Order of September 1, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000421-1984
and CP-39-CR-0001582-1983

BEFORE: PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 27, 2017**

Appellant, Christopher Hanson, appeals *pro se* from the order entered on September 1, 2016 dismissing his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9646.  We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> In June of 1984, following a jury trial, [Appellant] was found guilty of murder in the [second-]degree, and criminal conspiracy to commit murder and rape, and was subsequently sentenced to life imprisonment.  [This] Court affirmed [Appellant's] judgment of sentence on August 31, 1987, and the Supreme Court denied a petition for allowance of appeal on March 23, 1988.  From 1988 to 2015, [Appellant] filed approximately eleven (11) petitions pursuant to the [PCRA].  Each petition was denied or dismissed, and those that were appealed were affirmed by the appellate courts.

On September 11, 2015, [Appellant] filed another PCRA petition, and the case was reassigned [following the retirement of the original judge]. [Appellant's] appointed counsel, Robert Long, Esquire, originally filed a [m]otion to [w]ithdraw as [c]ounsel alleging [Appellant's] petition was untimely, and that he did not meet any of the statutory exceptions to the time bar. [Appellant] raised an additional issue and, thereafter, counsel filed an amended PCRA petition. The parties appeared in court on February 16, 2016, and counsel advised the [PCRA] court that he needed more time to look into [Appellant's] new allegation. On April 19, 2016, Attorney Long filed another [m]otion to [w]ithdraw as [c]ounsel, indicating there was no merit to any of [Appellant's] allegations, including the new claim. A hearing was held on April 20, 2016, following which [the PCRA court] granted Attorney Long's motion to withdraw. On June 28, 2016, after an independent review of the record, [the PCRA court] issued a notice to [Appellant, pursuant to Pa.R.Crim.P. 907,] of [its] intent to dismiss his petition as untimely, and indicating [the] reasons why. [Appellant] responded, and after review of the response, [the PCRA court] denied the petition on September 1, 2016. This [*pro se*] appeal followed.

PCRA Court Opinion, 11/15/2016, at 1-2 (footnote omitted).

On appeal, Appellant presents the following issues, *pro se*, for our review:

Whether the PCRA [c]ourt erred and committed an abuse of discretion by denying [A]ppellant's petition for post[-]conviction relief despite evidence that the prosecution withheld exculpatory evidence of a deal for potential additional leniency for co-defendant Timothy Seip for his cooperation with the Commonwealth?

Whether the PCRA [c]ourt erred and committed an abuse of discretion by quashing the subpoena of [the Honorable] Maxwell E. Davison?

Whether the PCRA [c]ourt erred and committed an abuse of discretion by denying [A]ppellant the opportunity to present unheard witnesses at the [h]earing?

> Whether the PCRA [c]ourt erred and committed an abuse of discretion by denying [A]ppellant the opportunity to present [his] case, when the PCRA [c]ourt added additional requirements; *i.e.* due diligence requirement, timeliness requirement, defense attorney discovering suppressed evidence, or that the rest of the evidence was sufficient to support [his] conviction[s]?
>
> Whether the PCRA [c]ourt erred and committed an abuse of discretion by violating [A]ppellant's 6th and 14th amendment[ rights] to the U.S. Constitution in allowing [*e*]*x* [*p*]*arte* communications of [Attorney] Chappelle, Judge Davison, and Prosecutor Tomsho to go undeveloped regarding the statements [at the] guilty plea in the [] matter [of Appellant's co-conspirator] in [a] "handwritten" note at a "critical stage" making trial counsel ineffective under [the] 6th amendment and equal protection clause of the U.S. Constitution[,] 8th amendment?
>
> Whether the PCRA [c]ourt erred and committed an abuse of discretion by denying [A]ppellant [an] opportunity to amend his PCRA petition with allegations of [] counsel's ineffectiveness?
>
> Whether the PCRA [c]ourt erred and committed an abuse of discretion by finding [June 18, 2014 was the date the PCRA court sent Rule 907 notice to Appellant]?
>
> Whether the PCRA [c]ourt erred and committed an abuse of discretion by denying [A]ppellant['s request] for transcripts of these PCRA [p]roceedings?[1]
>
> Whether the PCRA [c]ourt erred and committed an abuse of discretion by not granting additional counsel for appeal?

Appellant's Brief at 2-3.

_____

[1] Upon review of the record, the PCRA court ordered the official court reporter to transcribe and provide the testimony from the PCRA proceeding. PCRA Court Order, 11/16/2016, at 1.

Our Supreme Court has stated our well-settled standard of review over the denial of a PCRA petition as follows:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final. For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>
> There are three exceptions to the timeliness requirement, including an exception concerning the discovery of a previously-unknown fact. Under this exception, a petitioner must file a PCRA petition within sixty days of the date that the claim could have been presented. PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. The court cannot ignore a petition's untimeliness and reach the merits of the petition. A petition for post-conviction relief [] may be dismissed without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief.

*Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016)

(internal citations and quotations omitted).

Moreover,

> [t]o be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2). These errors include a constitutional violation or ineffectiveness of counsel, which so undermined

- 4 -

the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Additionally, appellant must show his claims have not been previously litigated or waived, and the failure to litigate the issue prior to or during trial ... or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. An issue is previously litigated if the highest appellate court in which appellant could have had review as a matter of right has ruled on the merits of the issue. An issue is waived if appellant could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state post[-]conviction proceeding.

***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017) (internal citations and quotations omitted).

In this case, Appellant was sentenced on January 30, 1986. We affirmed Appellant's judgment of sentence on August 31, 1987 and our Supreme Court denied further review on March 23, 1988. Thus, Appellant's judgment of sentence became final on June 21, 1988, when the time for Appellant to file a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. S. Ct. R. 13. Thus, Appellant's latest PCRA petition filed on September 11, 2015 is patently untimely.

Appellant attempts to invoke the previously unknown fact exception to the PCRA's time bar by relying on his allegedly recent discovery of "a secret plea deal for leniency [that] existed between the Commonwealth and cooperating star witness[,] co-defendant Timothy Seip." Appellant's Brief at 13. Specifically, he argues that Attorney Colie Chappelle (the attorney for the victim's family), the Honorable Maxwell E. Davison (the trial court judge

in the separate criminal prosecution of Timothy Seip, Appellant's co-conspirator), and Attorney Richard R. Tomsho (the prosecutor in this matter) "were actively involved in withholding the secret plea deal evidence from [A]ppellant's defense[.]" *Id.* at 14. Appellant argues that he filed the September 11, 2015 PCRA petition within 60 days of obtaining an affidavit from Attorney Chappelle. We reject Appellant's claim for several reasons.

This Court has previously considered and rejected Appellant's effort to invoke the previously unknown fact exception based upon Seip's plea deal. In 2009, we determined that Seip's plea deal agreement:

> was placed on the record before the judge, indicating that Seip in exchange for his open plea to third[-]degree murder would testify for the prosecution in Appellant's case. Attorney Tomsho, the assistant district attorney [(ADA)], made clear that the agreement did not include any terms with regard to sentencing, which was entirely left to the discretion of the court, that is, Seip could receive a term of imprisonment of 10 to 20 years, which in fact he did receive subsequent to Appellant's trial. It is evident from Seip's responses at the time of his plea colloquy that he understood that the sentencing court had discretion with regard to his sentencing and that he could be given a sentence of 10 to 20 years.

> \*      \*      \*

> We [] conclude[d] that although Seip was hoping that he would receive a sentence of 5 to 10 years rather than one of 10 to 20 years, which he was fully aware could be the outcome of his plea, Seip's "hope" in itself was not enough to establish a [] violation [of ***Brady v. Maryland***, 373 U.S. 83 (1963)] that would result in a new trial for Appellant.

***Commonwealth v. Hanson***, 981 A.2d 920 (Pa. Super. 2009) (unpublished memorandum) (emphasis in original) at 13-15; ***see also Commonwealth***

- 6 -

*v. Hanson*, 121 A.3d 1135 (Pa. Super. 2015) (unpublished memorandum) at 5 ("Because Appellant had knowledge of the alleged plea agreement in 2008, Appellant possessed sufficient information to form the underlying basis for the time-bar exception he now alleges in 2015."). Thus, because this claim was previously litigated, it was already known to Appellant and cannot form the basis for invoking the timeliness exception found at 42 Pa.C.S.A. § 9545(b)(1)(ii).

Furthermore, this Court previously determined that Appellant's reliance on Attorney Chappelle's affidavit was untimely:

> [Review of testimony from a] 2008 PCRA hearing unequivocally discusse[d] alleged discussions between Attorney Chappelle and the Commonwealth regarding Seip's plea and the disposition of his case. Our review of Appellant's [] PCRA petition [filed on February 9, 2010] contains no discussion as to why Appellant could not have obtained Attorney Chappelle's statement earlier, either during, or immediately after, his 2008 PCRA hearing. Furthermore, Appellant's [2010] *pro se* PCRA petition **acknowledges** the [] exchanges between defense counsel, Seip and ADA Tomsho regarding Attorney Chappelle. As a result, we conclude[d] that Appellant's omission as to why he could not have discovered this information in 2008 [was] fatal to Appellant's [2010] PCRA petition. Therefore, [we concluded] Appellant [] failed to comply with section 9545(b)(2), and the PCRA court lacked jurisdiction to consider the merits of Appellant's [claim].

*Commonwealth v. Hanson*, 82 A.3d 472 (Pa. Super. 2013) (unpublished memorandum) (internal citations omitted; emphasis in original) at 11-12. Here, again, because this aspect of Appellant's current claim was previously

litigated, Attorney Chappelle's affidavit did not contain facts that were unknown to Appellant.[2]

Appellant also cites various additional affidavits to support his claim. However, two of these affidavits were not presented within sixty days of the date that the claims could have been presented. **See** Appellant's Brief at 14 and Exhibit A (affidavit of Attorney Dianne M. Dickson dated June 28, 2011); **id.** at 23 and Exhibit K (affidavit of Carl George Yost dated June 20, 2015). Moreover, Appellant does not allege when he became aware of the facts contained within these affidavits. Finally, Appellant relies upon an affidavit filed with his amended PCRA petition from Daniel Loikits, dated December 26, 2015. **See id.** at 23 and Exhibit J. The PCRA court determined that the "Loikits affidavit does not present a 'new' fact [because it was] a statement made by [Appellant, Appellant was] aware of Mr. Loikits at the time of trial, and could have called him as a witness." **See** PCRA Court

---

[2] Over the span of approximately 10 years, Appellant has had multiple opportunities to litigate whether the Commonwealth withheld his co-conspirator's plea deal from him, to no avail. We remind him that our Supreme Court has instructed, "[w]e will not address the same claim, cloaked in a different theory of relief, in the collateral setting." **Commonwealth v. Williams**, 863 A.2d 505, 512 (Pa. 2004). For this reason, we also reject Appellant's suggestion that it was error for the PCRA court to preclude him from subpoenaing Judge Davison to testify at a PCRA hearing regarding Seip's plea deal. We have clearly determined that Seip's plea agreement was placed on the record and was not contrived in secret. Accordingly, Appellant has neither pled nor proven that Judge Davison has additional information to provide.

Order, 6/28/2016, at n.1. We agree. Appellant has not explained why he could not have presented this witness sooner.

In addition, Appellant argues the PCRA court erred or abused its discretion by denying him the opportunity to amend his PCRA petition to include allegations of PCRA counsel's ineffectiveness in failing to interview or call witnesses. Appellant's Brief at 26. Because Appellant's PCRA petition was untimely, the PCRA court had no jurisdiction to consider Appellant's ineffective assistance claims and there was no error in refusing Appellant's request to amend his PCRA petition.[3] Based upon all of the foregoing, we agree with the PCRA court that Appellant was not entitled to relief on his current PCRA claims.

Finally, we remind the PCRA court that indigent *pro se* PCRA petitioners are entitled to the appointment of counsel on their first PCRA petition; however, "[o]n a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, **and an evidentiary hearing is**

_____

[3] Furthermore, a claim of ineffective assistance of counsel does not save an otherwise untimely PCRA petition for review on merits. **See Commonwealth v. Zeigler**, 148 A.3d 849, 853–854 (Pa. Super. 2016). We could also find this issue waived for lack of legal development on appeal. **See Commonwealth v. Rainey**, 928 A.2d 215, 244-245 (Pa. 2007) (A "boilerplate, undeveloped argument respecting the ineffectiveness of [] prior counsel is insufficient to establish an entitlement to post-conviction relief" where a petitioner "fails to set forth his claim pursuant to the three-prong [] test [under **Commonwealth v. Pierce**, 786 A.2d 203 (Pa. 2001)].").

**required** as provided in [Pa.R.Crim.P.] 908, the judge shall appoint counsel to represent the defendant[.]" Pa.R.Crim.P. 904 (emphasis added). Appellant is not entitled to the appointment of counsel for every subsequent, serial *pro se* PCRA petition he files.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017